SERVICE ENGINEERING COMPANY, a California corporation; the Jonathon Corporation, a Virginia corporation; and Triple "A" Machine Shop, Inc., a California corporation, Plaintiffs,

v.

SOUTHWEST MARINE, INC., a California corporation; Southwest Marine of San Francisco, Inc., a California corporation; Arthur E. Engel and Herbert G. Engel, individuals; and Does One Through Twenty, inclusive, Defendants.

No. C–86–6096 SAW.

United States District Court,
N.D. California.

May 21, 1987.

---

Khourie & Crew, Eugene Crew, Daniel J. Mulligan, Linda J. Margolies, John J. Steele, San Francisco, Cal., for plaintiffs.

Michael J. Roberts, Sullivan, McWilliams, Lewin & Markham, San Diego, Cal., for defendants.

### ORDER

WEIGEL, District Judge.

Plaintiffs and defendants have filed cross-motions for summary judgment. The Court considers each in turn.

*Plaintiffs' Motion for Partial Summary Judgment*

Plaintiffs seek summary judgment on three causes of action: count one, for violation of section 2 of the Sherman Act; count two, for violation of the Racketeer-Influenced and Corrupt Organizations Act ("RICO"); and count four, for unfair business practices in violation of section 17200 of the California Business and Professions Code.

(1) *First count: section 2 of the Sherman Act*

Plaintiffs correctly state the elements of a claim of monopolization under section 2 of the Sherman Act: (1) possession of monopoly power in (2) the relevant market, and (3) the willful acquisition or maintenance of that power. *California Computer Products v. International Business Machines*, 613 F.2d 727, 735 (9th Cir.1979).

Plaintiffs argue that, as a matter of law, the "relevant market" in this case is "the repair and maintenance of United States Navy vessels at seaports located within the State of California pursuant to small business set-aside contracts...." Although plaintiffs attribute this definition to the Small Business Administration, the SBA regulations do not restrict the market to the state of California. In fact, they contemplate a national market. *See* 13 C.F.R. § 121.3(c) (1987). Plaintiffs argue it would be "contrary to 'commercial realities'" for the market definition not to be confined to California. The determination of "commercial realities," however, involves factual issues. Plaintiffs cite no market studies, expert opinion or any other evidence in support of the limited market they claim. Until they do, any ruling on the "relevant market" element of section 2 rests with the trier of fact.

Plaintiffs argue that the element of "monopoly power" is satisfied as matter of law because defendants had been awarded some 80 percent of the set-aside contracts for ship repairs in California. Whether this constitutes "monopoly power" depends

on the "relevant market," which, as stated above, remains a contested issue of fact.

■ Plaintiffs argue that the element of a "willful" act is satisfied as a matter of law by defendants' "fraudulent" or "bad faith" use of the "quarterly method" of counting employees for purposes of self-certification as a "small business." However neither "fraud" nor "bad faith" is established by the portions of the record which plaintiffs cite. For example, plaintiffs state that defendants committed fraud in firing employees at the end of a quarter while telling them they would be rehired once the pay period passed. Plaintiffs' Memo at 7. The deposition excerpts cited by plaintiffs do not support this characterization of the facts. Rather, they indicate that the only employees whom defendants promised to try to rehire were "quality employees" laid off for lack of work, not for purposes of manipulating the "quarterly method" of size determination. Deposit. of A. Engel, at 25:10–18. Careful review of plaintiffs' other citations to the record shows that they, too, fail to establish fraud or bad faith beyond dispute.

Plaintiffs' claim of attempted monopoly is also based upon the existence of fraud or bad faith. For the foregoing reasons, summary judgment is precluded on this claim as well.

### (2) Second count: RICO

Plaintiffs' RICO claim, like the monopolization claims, is premised on the existence of fraud. As explained above, issues of fact remain regarding whether defendants committed fraud. Therefore, summary judgment on the second count is not yet justified.

### (3) Fourth count: unfair competition

Similarly, plaintiffs' claims in this count depend primarily upon the existence of fraud. Summary judgment should therefore be denied. Plaintiffs correctly point out that Cal.Bus. & Prof.Code § 17200 applies to any "unlawful act," not just fraud. However, plaintiffs cite no authority for finding an "unlawful act" under the statute when the act in question is of a type expressly approved by a government agency at an earlier time, as was defendants' use of the "quarterly method" of counting employees.

### Defendants' Motion for Summary Judgment

Defendants argue that all of plaintiffs' claims are predicated upon the existence of fraud. Undisputed evidence establishes that there was no fraud, defendants continue, and therefore summary judgment is appropriate.

■ This argument lacks merit. There is conflicting evidence as to whether defendants acted in good faith in continuing to use the "quarterly method" of counting employees. Defendants argue that there can be no fraud as a matter of law when a defendant relies upon a reasonable interpretation of an ambiguous government regulation. This overlooks the explicit finding of the SBA and the District Court for the District of Columbia that defendants' interpretation of the regulations was unreasonable.

Defendants also argue that since they disclosed their continued use of the "quarterly method" to the SBA, they cannot be held to have engaged in deception. However, there was a still-undetermined period of time prior to defendants' disclosure during which they were certified as a "small business" under the "quarterly method" even though they had more than 1000 employees.

There is also evidence, albeit disputed, that defendants knew all along that their use of the "quarterly method" in reliance upon footnote 1 to Schedule B was far-fetched and unlikely to be condoned by the SBA. Resolving this factual issue will bear upon whether defendants acted with fraudulent intent. Similarly, the evidence does not make clear whether defendants intended to deceive the government by firing employees before the end of certain quarters. Nor is it clear how often the fired employees were rehired immediately following the beginning of the following quarter. "Summary judgment is disfavored ... in heavily factual settings such

as complex antitrust cases that involve *issues of notice and intent." NBA v. SDC Basketball Club, et al.,* 815 F.2d 562, 567 (9th Cir.1987) (emphasis added).

For the foregoing reasons,

IT IS HEREBY ORDERED that:

(1) Plaintiffs' motion for partial summary judgment is denied; and

(2) Defendants' motion for summary judgment and request for sanctions are denied.